[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on February 28, 1987, in Darien, Connecticut. They have resided continuously in this state since 1987. There is one minor child issue of the marriage, Stephen R. Dixon born May 4, 1989.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married approximately five years. The one child issue of this marriage is three years old. Both parties are forty-one years of age and in good health.
Throughout most of this marriage the defendant wife assumed the role of homemaker raising their child, caring for the plaintiff's two children from his prior marriage who lived with the parties for an extended period time, and raising her two children from a prior marriage. In addition, the defendant completed two years of college to obtain her B.A. degree in January 1992. This is the defendant's second marriage. It is the plaintiff husband's fourth marriage, a fact which the plaintiff failed and neglected to tell the defendant prior to the marriage. The defendant plans to obtain her masters degree at Case Western Reserve and has removed herself and her family to Ohio.
The parties apparently had a whirlwind courtship having met in November 1986, engaged by Christmas and married in February 1987. The defendant felt the plaintiff was one in a million!
The plaintiff is the sole stockholder/owner of his marketing communications firm. From 1987 to 1991 the plaintiff averaged approximately $160,000 per year income from his business (plus rental income.) Up to April 1992, the plaintiff was drawing approximately $120,000 per year from his business. The plaintiff also received rental income from his building at 3 Morgan Avenue, Norwalk, Connecticut which has served as a tax advantage to the plaintiff. Commencing in April 1992, the plaintiff's compensation from his business was reduced to $75,000 per year. The parties CT Page 7447 lived well throughout the course of the marriage.
The parties separated in late November 1991. In December 1991 the plaintiff commenced a relationship with another and in January 1992, the plaintiff commenced this action for a dissolution.
A serious bone of contention between the parties centered around the business income of the plaintiff. Each party presented the testimony of an accountant. The company is Robert Dixon, The Rainmaker. He was able to increase his income through the rental income of his building in which the company leases office space. The negative working capital is decreasing and the company's losses have been decreasing since 1988. The husband's accountant has not seen the corporation's figures for the year ending June 30, 1992 and has not prepared corporate tax returns for the year ending June 30, 1992. In addition to his salary of approximately $114,000 in 1991, the plaintiff also received rental income of approximately $80,000. In 1990 rental income available to the plaintiff was approximately $70,000. The company also has a substantial net operating loss carry forward which is available to offset current (and future) taxable income.
In 1991, the plaintiff earned approximately $133,000 plus rental income. Up to April 1992 he was drawing at the rate of $120,000 per year and in April 1992 the plaintiff reduced his draw to $75,000 per year.
The 1990 corporate tax return indicated compensation of approximately $113,975 plus rental income of $112,833.00.
Using the figures presented by the wife's accountant (and excluding the motor vehicle expenses paid by the corporation), the plaintiff will have approximately $108,044 of funds available for the year ending December 31, 1992. This figure is substantially less than the plaintiff earned in past years. The plaintiff's accountant indicated that the plaintiff's company is not in a strong financial position and is not healthy financially. The plaintiff's salary was reduced in April 1992 to cut expenses and because the company did not have the money to pay the plaintiff's salary.
The financial awards have to bear some reality to the plaintiff's current income. There is no doubt that the plaintiff has the ability to earn substantial amounts and hopefully with an upswing in the economy, the financial health of the plaintiff's company will also improve.
The assets of the parties are clearly set forth in their respective financial affidavits. The escrow account of $172,322 represents the net balance of funds from the sale of the marital CT Page 7448 home. Each party has already received $20,000 from this escrow account.
No useful purpose would be served by a review of all the evidence presented in this matter. Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of their relationship.
The court has considered all the statutory criteria and enters the following orders:
Property Division
A. Escrow Account
1. The escrow account of $172,322 plus interest shall be equally divided between the parties.
B. Ohio Real Estate
1. The defendant shall have the option to purchase the plaintiff's one-half interest in the Ohio cottage for $18,000 within 45 days of date.
2. In the event the defendant declines to purchase the plaintiff's one-half interest, then the real estate shall be placed on the market and shall be sold as expeditiously as possible. The net equity, after payment of the mortgage, real estate commission, taxes, customary closing costs and attorney's fees, shall be equally divided between the parties.
3. The court shall retain jurisdiction with respect to any disputes arising out of the sale of this property.
4. Until such time as the property is sold, the parties shall equally share all expenses including mortgage, taxes and insurance.
5. In the event the defendant buys out plaintiff's interest in said real estate, she shall thereafter be solely responsible for the mortgage, taxes and other costs.
C. Morgan Avenue Property
The plaintiff shall retain his interest in the property located at 3 Morgan Avenue, Norwalk, Connecticut free of any claim by the defendant.
Custody and Visitation CT Page 7449
1. The parties have agreed and the court orders joint legal custody of the minor child, with primary residence to be with the defendant mother.
2. Until such time as the child begins school on a full time basis, the plaintiff shall have the following visitation as the parties have agreed:
a) One week with the plaintiff every two months commencing September 1992. Said week shall commence on a Friday evening and end on the following Sunday. The first visit shall occur September 25th through October 4, 1992.
b) Four weeks of summer visitation consisting of two blocks of two weeks each with a break of at least three weeks duration.
c) Holidays will alternate by year commencing with Thanksgiving 1992 with the plaintiff, Christmas Eve 1992 with the defendant, Christmas Day 1992 at 11:30 a.m. with the plaintiff and alternately thereafter.
d) The plaintiff shall be entitled to the 1993 March school break.
e) The parties shall exchange schedules and arrange the summer visitation annually by April 1st of each year.
f) The plaintiff shall be entitled to at least two telephone calls per week on Sunday and one other mid-week day as mutually arranged by the parties.
g) The parties shall renegotiate a revised visitation schedule when the minor child begins school on a full time basis. If the parties are unable to agree, they shall meet with Family Services for mediation, and if unsuccessful the parties shall return to court for a further hearing and orders thereon. The court shall retain jurisdiction to fix a visitation schedule.
3. The plaintiff shall be responsible for the transportation costs in connection with the visitation. At the time the visitation schedule is renegotiated, the parties shall also review the costs of transportation.
Alimony and Child Support
1. The plaintiff shall pay to the defendant as unallocated alimony and child support the sum of $2,500 per month, commencing August 18, 1992, annualized at $30,000 per year.
2. Said award shall cease and terminate four years from CT Page 7450 August 18, 1992, the death of the defendant, the death of the plaintiff or the remarriage or cohabitation of the defendant, whichever event shall first occur.
3. Upon the termination of unallocated alimony and child support as set forth above, child support shall be set in accordance with the child support guidelines. Said child support shall be paid until the minor child reaches the age of eighteen, dies or becomes emancipated.
4. The award of unallocated alimony and child support is based on a finding that the plaintiff's income for this year is approximately $108,000.
5. The court has also considered that the plaintiff shall be responsible for transportation costs in connection with the visitation with the minor child.
6. An immediate withholding is ordered.
Medical Insurance
1. The plaintiff shall maintain and provide medical coverage for the benefit of the minor child. Any unreimbursed medical and dental expenses shall be equally shared between the parties.
2. The defendant wife shall be entitled to COBRA coverage as available through the plaintiff's company at her expense.
Life Insurance
1. The plaintiff shall name the defendant as beneficiary on One Hundred and Fifty Thousand ($150,000) Dollars of life insurance on his life for so long as he has an obligation to pay alimony and/or child support. This provision shall be modifiable.
Retirement Account
1. The plaintiff's combined Pension Plan and Profit Sharing Plan increased by $186,113 during the course of the marriage. The defendant shall be entitled to 25% of $186,113 via a Q.D.R.O., plus interest to the date the Q.D.R.O. is funded.
Other Property
1. The plaintiff shall transfer forthwith to the defendant his interest in the 1988 Suburban motor vehicle.
2. Each party shall retain the cash currently held in their respective bank accounts. CT Page 7451
3. The plaintiff shall be entitled to his art work.
4. The parties shall be entitled to their respective assets as noted on their financial affidavits if not otherwise disposed of in this memorandum.
Miscellaneous
1. The pendente lite orders shall continue until August 17, 1992.
2. The defendant shall be entitled to the tax exemption for the minor child.
3. The plaintiff shall indemnify and hold the defendant harmless with respect to any liability arising out of any joint tax returns filed during the marriage.
4. The award of $1,200 per month P.L. shall be considered as alimony to the defendant and taxable to her.
Attorneys' Fees
The defendant is awarded the sum of $1,500 as counsel fees.
COPPETO, J.